**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2774
_____

JOSEPH E. CARLIN,
                                   Appellant
v.

JEFFREY BEZOS; AMAZON.COM, INC.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-14-cv-02406)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2016

Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Joseph Carlin appeals the District Court's order granting

summary judgment to the defendants and denying his cross-motion for summary

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

judgment. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009). For the reasons detailed below, we will affirm the District Court's judgment.

Carlin is the author of four self-published books, Muraldelphia: Black and White Edition; Muraldelphia: Full Color Edition; Repeal Roe . . . I tried; and Real Estate Sales and Listing Training Manual. In 2011, Carlin signed up to use CreateSpace, a subsidiary of Amazon.com, and agreed to the terms of CreateSpace's service agreement. Through this agreement, Carlin granted CreateSpace a nonexclusive license to publish, distribute, and sell his books through Amazon.com and "other sales channels," D.C. dkt. #34-5 at ¶ 6.1, and CreateSpace agreed to pay Carlin royalties for the sales. Carlin also enrolled his books in Amazon.com's "expanded distribution" program, which allowed retailers outside Amazon.com's umbrella to sell the books.

In 2014, Carlin filed the complaint at issue here, naming as defendants Amazon.com and its founder and CEO, Jeffrey Bezos (collectively, "Amazon"). Carlin raised a single count of copyright infringement. Carlin alleged that, while Amazon had paid some royalties to him, it had not paid him nearly the amount he was due. He requested damages of $100 million. After conducting discovery, the parties filed cross-motions for summary judgment. The District Court granted Amazon's motion and denied Carlin's, concluding that any rational trier of fact would reject Carlin's claim that Amazon had withheld royalties. Carlin filed a timely notice of appeal to this Court. Amazon has filed a motion to file a supplemental appendix.

We agree in full with the District Court's analysis of this case. To make out a valid claim of copyright infringement, a plaintiff must establish "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). In this case, it is undisputed that Carlin granted Amazon a nonexclusive license to his books. A copyright owner who grants a license to use his copyrighted material typically can maintain a claim of copyright infringement only by showing that the "licensee's use goes beyond the scope of the nonexclusive license." MacLean Assocs., Inc. v. Wm. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769, 779 (3d Cir. 1991); see also I.A.E., Inc. v. Shaver, 74 F.3d 768, 775 (7th Cir. 1996). As noted above, Carlin contends that Amazon exceeded its license by selling his books — either directly or through third-party distributors — without paying royalties. We will assume that a licensee's failure to make required payments constitutes copyright infringement. See MDY Indus., LLC v. Blizzard Entm't, Inc., 629 F.3d 928, 941 n.4 (9th Cir. 2010).[1]

We agree with the District Court that a reasonable jury could not find that Amazon exceeded the scope of its license. In support of his contention that Amazon sold copies

_____

[1] Carlin objects to the fact that the District Court "turn[ed] this case into an 'unpaid royalty squabble,'" Br. at 5, but in his briefs on appeal, he has not identified any other way in which Amazon has (purportedly) acted beyond the scope of its license. We will address only arguments that Carlin has raised in his briefs. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005); see also Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) ("While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned[.]" (internal citation omitted)). Likewise, because Carlin has not challenged the District Court's various interlocutory orders, we will not review those orders.

of his books without paying him royalties, Carlin presented screenshots listing a number of copies of his books that were "offer[ed]." For instance, one Amazon.com listing for Muradelphia states: "Paperback. $62.88 used & new (8 offers)." D.C. dkt. #23 at 5. Carlin argued that each copy offered represented a copy sold, and thus demanded royalties commensurate to the number of copies that Amazon and its distributors offered.

However, Amazon presented evidence that Carlin's screenshots illustrated only offers to sell the books, not consummated sales; to complete a sale, Amazon explained, a consumer would have to accept that offer.[2] This interpretation of the word "offer" is consistent with both Washington state law (the law that governs the services agreement), see Yakima Cty. (W. Valley) Fire Prot. Dist. No. 12 v. City of Yakima, 858 P.2d 245, 255 (Wash. Ct. App. 1993); Pac. Cascade Corp. v. Nimmer, 608 P.2d 266, 268 (Wash. Ct. App. 1980), and the way in which that word is widely used, see, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 250-51 (3d Cir. 2007); United States v. Vizcarrondo-Casanova, 763 F.3d 89, 103 (1st Cir. 2014). In these circumstances, Carlin's screenshots listing "offers" for his books do not provide a sufficient evidentiary basis for a trier of fact to find that Amazon and third-party distributors have sold additional copies of his books without paying him. See generally Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

---

[2] Amazon also provided evidence that it had sold 16 copies of Carlin's various books and had paid him the appropriate royalties for those sales.

Beyond his screenshots, Carlin has presented only speculation that Amazon has acted improperly. As the District Court concluded, this does not suffice to survive summary judgment. See Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("an inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n.12 (3d Cir. 1990)); see also Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.").

Accordingly, we will affirm the District Court's judgment. Amazon's motion to file a supplemental appendix is granted and the supplemental appendix is deemed filed on March 16, 2016. To the extent that Carlin's response in opposition to Amazon's motion to file a supplemental appendix requests affirmative relief, the motion is denied.